UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOE JIMENEZ, <br> TDCJ# 2072588, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br><br> Respondent. | § § § § § § § § § § § § § | SA-18-CA-557-HJB |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* Petitioner Joe Jimenez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Docket Entry 1), Respondent's Answer (Docket Entry 10), and Petitioner's Reply thereto (Docket Entry 13). The parties have consented to the case proceeding before a United States Magistrate Judge in accordance with 28 U.S.C. § 636(c)(6) (Docket Entries 5, 8.) Having reviewed the record and pleadings submitted by both parties, the undersigned concludes Petitioner is not entitled to federal habeas corpus relief. Petitioner is also denied a certificate of appealability.

**I.    Background.**

Petitioner is currently incarcerated at the Texas Department of Criminal Justice ("TDCJ") Clements Unit, as a result of convictions from Bexar County for assault of a public servant and theft. *State v. Jimenez*, Nos. 2016-CR-3861W and 2016-CR-3862W (247th Dist. Ct., Bexar Cnty., Tex. June 9, 2016). On February 6, 2018, while incarcerated at TDCJ's Coffield Unit, Petitioner was found guilty in prison disciplinary case number 20180145332 of possession of a weapon. (Docket Entry 11-2, at 2–8.) As a result of this proceeding, Petitioner was given 45

days of cell restriction, lost commissary and phone privileges for 45 days, and lost property privileges for 30 days. (*Id.*) Petitioner unsuccessfully appealed this determination through TDCJ's two-step grievance procedure. (Docket Entry 11-1.)

On April 20, 2018, Petitioner executed the instant § 2254 petition, challenging the results of this prison disciplinary proceeding. Petitioner raises two allegations in his § 2254 petition: (1) that the lack of an investigation into his disciplinary case violated his due process rights, and (2) that the conditions of his confinement violated his Eighth Amendment rights. In his petition and again in his reply to Respondent's answer, Petitioner also appears to challenge the results of other unspecified disciplinary proceedings. (Docket Entries 1, 13.) In addition to the loss of privileges and cell restriction mentioned previously, Petitioner contends he lost recreational, contact, and church privileges, and that his custody level changed from S3 to G5 as a result of these various disciplinary proceedings. He also contends he has lost approximately 400 days of good time credit.

## II.     Analysis.

For the reasons set out below, neither of Petitioner's claims provides a basis for § 2254 relief.[1]

### A.     *Disciplinary Proceedings (Claim 1).*

Challenges to disciplinary proceedings do not generally raise a cognizable constitutional violation unless the petitioner has lost good time credits and is eligible for mandatory supervision. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Although Petitioner claims to have lost around 400 days of good

---

[1] Respondent contends that Petitioner's second claim and parts of his first claim are unexhausted and thus procedurally barred from federal habeas corpus relief. (Docket Entry 10, at 5.) Notwithstanding the failure of the applicant to exhaust all available remedies, however, a court may deny an application for a writ of habeas corpus on the merits. 28 U.S.C. § 2254(b)(2).

2

time, available records indicate that no good time was lost as a result of disciplinary case number 20180145332. (Docket Entry 11-2, at 3−8.) Even if he had lost good time at this or other disciplinary proceedings, Petitioner is not eligible for release on mandatory supervision under Texas law. (*See* Docket Entry 10-1, at 3) (Petitioner's commitment inquiry from TDCJ indicating Petitioner is not eligible for mandatory supervision)). Because Petitioner is not eligible for mandatory supervision, his petition does not implicate a protected liberty interest even if he had lost good-time credits as a result of this or other disciplinary cases. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002).

Petitioner's alleged temporary loss of privileges, cell restriction, and reduction in his line classification and custody level do not affect the length of his sentence, and thus they do not implicate a protected liberty interest. *See Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications"); *Madison*, 104 F.3d at 768 (holding that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns). Because Petitioner has not lost a protected liberty interest, there is no predicate for a habeas corpus or civil rights due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483−87 (1995) (prisoner's allegations he was placed in administrative segregation for thirty days for alleged violation of prison regulations did not amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and did not affect duration of his sentence and thus did not amount to the deprivation of a protected liberty interest as a basis for a due process claim).

### B. *Conditions of Confinement (Claim 2).*

Petitioner's second claim challenges the conditions of his confinement and thus is not cognizable in a federal habeas corpus action. The writ of habeas corpus is the federal remedy only when a state prisoner challenges the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). When he attacks unconstitutional parole procedures or conditions of confinement, a civil rights action pursuant to 42 U.S.C. § 1983 is the appropriate legal vehicle. *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987). To determine whether a petitioner must pursue a civil rights action rather than habeas corpus relief, a court must examine whether the petitioner is merely challenging the rules, customs, and procedures affecting the "conditions" of his confinement rather than the "fact or duration" of his confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Here, Petitioner's claims do not state a cognizable constitutional claim contesting the fact or duration of his confinement. "[H]abeas is not available to review questions unrelated to the cause of detention." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). When a prisoner challenges the conditions of his confinement, the proper vehicle is a civil rights action. *See Spencer v. Bragg*, 310 Fed. App'x. 678, 679 (5th Cir. 2009) (unpublished) (citing *Carson*, 112 F.3d at 820–21). Since Petitioner's claim concerning the conditions of his confinement does not serve as a basis for habeas corpus relief, he must file a civil rights action if he wishes to pursue this claim further.[2]

---

[2] Petitioner is warned that if he chooses to file a civil rights complaint, he must file the complaint in a court with proper venue and comply with the filing fee provisions of the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915, 1915A.

## III. Conclusion.

Based on the foregoing reasons, Petitioner is not entitled to habeas corpus relief because his § 2254 petition (Docket Entry 1) does not implicate a protected liberty interest.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Joe Jimenez's § 2254 petition (Docket Entry 1) is **DISMISSED**.

2. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Federal Rule of Appellate Procedure 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483--84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** on October 16, 2018.

Henry J. Bemporad
United States Magistrate Judge